1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11   BHUPAT R. BHATTI,
                                    NO. CIV. S-05-754 WBS PAN (JFM)
12            Plaintiff,

13        v.                        ORDER RE: COSTS

14   COUNTY OF SACRAMENTO, SELEENA
     ULAHANNAN, and DOES 1 to 50,
15
              Defendants.           ----oo0oo----
16

17        On June 1, 2006, the court entered final judgment in

18   favor of defendants in this case.  Defendants have submitted a

19   cost bill totaling $3,054.15.  Plaintiff has not objected.

20   Additionally, the fact that plaintiff subsequently filed an

21   appeal of the court's underlying judgment has no bearing on the

22   court's jurisdiction to consider this bill of costs.  Cent.

23   States, Se. & Sw. Areas Pension Fund v. Cent. Cartage Co., 992 F.

24   Supp. 980, 985 (N.D. Ill. 1998) ("A district court may still

25   address ancillary matters, such as costs, while a case is pending

26   appeal." (citing Kusay v. United States, 62 F.3d 192, 194 (7th

27   Cir. 1995))); see also United States v. Kersting, 891 F.2d 1407,

28   1413 (9th Cir. 1989) (recognizing that "a motion for costs may be

                                  1

collateral to the action on appeal" if it "does not seek reconsideration of substantive issues resolved in the judgment"), overruled on other grounds by Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1480 (9th Cir. 1992).

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54-292(f) govern the taxation of costs to losing parties, subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."); L.R. 54-292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in 28 U.S.C. § 1920). The district court has discretion to determine what constitutes a taxable cost within the meaning of 28 U.S.C. § 1920. Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1997); Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990). The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party. See Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); Amarel, 102 F.3d at 1523.

///
///
///
///
///

2

1       After reviewing the bill, the court finds all costs to

2 be reasonable.  Accordingly, costs of **$3,054.15** will be allowed.

3       IT IS SO ORDERED.

4 DATED:  July 26, 2006

5

6

7 WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28