UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BHUPAT R. BHATTI,

    Plaintiff,

NO. CIV. S-05-0754 WBS EFB

v.

ORDER

COUNTY OF SACRAMENTO,
SELEENA ULAHANNAN, et al.

    Defendants.

----oo0oo----

Plaintiff Bhupat R. Bhatti has filed a request that the undersigned judge recuse himself in this case. The request states that it "is not being made as a motion, but merely as a request" and is based on an alleged "perception by plaintiff and his counsel that Judge Shubb may not feel comfortable presiding at the trial of this matter, said perception being based on comments Judge Shubb made to counsel at the settlement conference."

## BACKGROUND

It is the standard practice of this court at the time of the final pretrial conference pursuant to Rule 16(e) of the

1

Federal Rules of Civil Procedure to schedule a settlement conference before a judge, other than the trial judge, to be selected at random from the "wheel" of available judges. At the pretrial conference in this case on February 9, 2009, Judge Mendez's name was drawn from the wheel, and a settlement conference was scheduled before him on May 1, 2009 at 10:00 a.m.

Because of the undersigned judge's familiarity with the issues in the case by virtue of having heard and decided the motion for summary judgment, which order was affirmed in part and reversed in part by the Ninth Circuit in its Memorandum decision of June 9, 2008, the parties expressed an interest in having the undersigned judge, instead of Judge Mendez, preside over the settlement conference. The undersigned judge was also available for a settlement conference earlier than Judge Mendez would have been. Accordingly, on February 13, 2009, counsel submitted a written stipulation in which both sides formally requested that the undersigned judge conduct the settlement conference and, pursuant to Local Rule 16-270(b),[1] "expressly waive[d] any claim of disqualification of Judge William B. Shubb in the action thereafter on the basis that Judge William B. Shubb conducted the settlement conference."

The court approved the stipulation on February 18, 2009, and, pursuant to that stipulation, on March 6, 2009, the

---

[1] Local Rule 16-270(b) provides: "**Settlement Conferences Before the Assigned Judge or Magistrate Judge.** Unless all parties affirmatively request that the assigned Judge or Magistrate Judge participate in the conference and waive in writing any claim of disqualification on that basis to act as Judge or Magistrate Judge in the action thereafter, the assigned Judge or Magistrate Judge shall not conduct the settlement conference."

undersigned judge conducted a settlement conference in which all parties and their counsel participated. No settlement agreement was reached, and the matter now remains on the court's calendar of July 13, 2009, for further pretrial conference.

DISCUSSION

In general, it is desirable for a judge other than the trial judge to preside over a settlement conference. Fong v. Am. Airlines, Inc., 431 F. Supp. 1334, 1339 n.7 (N.D. Cal. 1977). For that reason, the judge to whom a case is assigned does not ordinarily conduct the settlement conference. However, in certain cases where the trial judge has particular familiarity with the issues and facts in the case, the parties may prefer that judge preside over the settlement conference. Cf. SRI Louise Coles v. City of Oakland, No. 03-2961, 2005 WL 2373724, at *8 (N.D. Cal. Sept. 27, 2005) (ordering that a particular judge preside over the settlement conference because that judge was already familiar with the facts of the case from his involvement in earlier proceedings).

Here, the undersigned was particularly familiar with the facts and issues in this case by virtue of having reviewed the numerous exhibits submitted in support of and in opposition to the motion for summary judgment, and having issued its own 24 page memorandum deciding the motion. Under those circumstances, substantial court and attorney time could be conserved by having the undersigned judge conduct the settlement conference. The parties apparently so recognized and accordingly stipulated to have the trial judge serve as settlement judge. As a part of that stipulation, pursuant to Local Rule 16-270(b), they

expressly waived any claim of disqualification of the undersigned judge as a result of having conducted the settlement conference.

Presiding over a settlement conference alone is insufficient grounds for recusal. See Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 447-48 (2d Cir. 2005) (noting that recusal was not appropriate simply because a magistrate judge had knowledge of the facts of the case as a result of overseeing the settlement conference); Wiley v. United Parcel Serv., Inc., 11 Fed. App'x 181, 182 (4th Cir. 2001); Bilello v. Abbott Laboratories, 825 F. Supp. 475, 479 (E.D.N.Y. 1993) ("Particularly where there will be an impartial jury that will decide the case and the facts revealed in settlement discussions will be revealed again at trial, it is assumed that the settling judge will not be adversely affected by the discussions.").

The expressed basis for the present request is a "perception" by plaintiff and his attorney that the undersigned judge "may not feel comfortable" presiding at the trial. This "perception" is based on certain undisclosed "comments" that the undersigned judge is alleged to have made at the settlement conference. First, it is not clear what plaintiff means by feeling uncomfortable. Judges have to preside over many trials that do not make them feel particularly comfortable. It is part of the job. Second, it is not at all clear what comments plaintiff is referring to. Parties need to understand that at a settlement conference a judge may express his or her views on the strengths and weaknesses of each party's case. See Fong, 431 F. Supp. at 1339 ("Intervention [in the settlement process] may, of course, take many different forms depending on the personality,

style and experience of the individual judge. It may, among others, take the form of . . . his evaluation of each party's prospects of success in the litigation. To subject judges to the risk of disqualification on the basis of statements of this kind would jeopardize their effectiveness as catalysts in the settlement process.")

As the court pointed out in Fong, however, those kinds of statements do not disqualify the judge from further presiding in the case. See also Franks v. Nimmo, 796 F.2d 1230, 1235 (10th Cir. 1986) ("We agree with the judge that his attempts to encourage a settlement clearly beneficial to [plaintiff] do not give rise to an objective appearance of bias within the meaning of [28 U.S.C. §] 455(a)."); Smith v. Sentry Ins., 752 F. Supp. 1058, 1061-62 (N.D. Ga. 1990) (denying a request that the district judge recuse himself based on the his statements regarding the merits of plaintiff's case during a pretrial settlement conference).

Here, the case will be tried by a jury. Under the circumstances, the undersigned judge does not feel uncomfortable presiding over the trial. If the parties now wish to waive jury and submit to a non-jury trial, the undersigned judge may feel differently. However, it would not serve the interests of judicial economy, nor would it be fair to the other judges of this court, for the undersigned judge to recuse himself based on a vague "perception," resulting from unspecified "comments" he may have made, that he "may not feel comfortable" trying the case.

///

IT IS THEREFORE ORDERED that plaintiff's request that the undersigned judge recuse himself be, and the same hereby is, DENIED.  If plaintiff can cite to any specific comments the undersigned judge made during the settlement conference that constitute grounds for disqualification under 28 U.S.C. § 455, he shall set them forth in a formal motion for disqualification, which shall be filed within 10 days from the date of this order.

DATED:  May 22, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE