UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BHUPAT R. BHATTI ,

                           NO. CIV. 2:05-00754 WBS EFB

       Plaintiff,

   v.                   ORDER RE: COSTS

COUNTY OF SACRAMENTO,
SELEENA ULAHANNAN, AND
DOES 1 TO 50,

       Defendants.

_____/

----oo0oo----

      After an eleven-day jury trial, the court entered final judgment in this case in favor of defendant Seleena Ulahannan on October 2, 2009, and the Ninth Circuit Court of Appeal affirmed that judgment on March 16, 2011.  Defendant Ulahannan has submitted a cost bill totaling $6,332.80; plaintiff has not objected.

      Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54-292(f) govern the taxation of costs to losing parties, which are generally subject to limits set under 28

1

U.S.C. § 1920.  <u>See</u> 28 U.S.C. § 1920 (enumerating taxable costs);
Fed. R. Civ. P. 54(d)(1) ("[C]osts other than attorneys' fees
shall be allowed as of course to the prevailing party unless the
court otherwise directs . . . ."); E.D. Cal. Local R. 54-292(f);
<u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441
(1987) (limiting taxable costs to those enumerated in § 1920).

The court exercises its discretion in determining
whether to allow certain costs.  <u>See</u> <u>Amarel v. Connell</u>, 102 F.3d
1494, 1523 (9th Cir. 1997) (holding that the district court has
discretion to determine what constitutes a taxable cost within
the meaning of § 1920); <u>Alflex Corp. v. Underwriters Labs., Inc.</u>,
914 F.2d 175, 177 (9th Cir. 1990) (same).  The losing party has
the burden of overcoming the presumption in favor of awarding
costs to the prevailing party.  <u>See</u> <u>Russian River Watershed Prot.</u>
<u>Comm. v. City of Santa Rosa</u>, 142 F.3d 1136, 1144 (9th Cir. 1998)
(noting that the presumption "may only be overcome by pointing to
some impropriety on the part of the prevailing party"); <u>Amarel</u>,
102 F.3d at 1523; <u>see also</u> E.D. Local R. 54-292(d) ("If no
objection is filed, the Clerk shall proceed to tax and enter
costs.").

After reviewing the bill, and in light of the fact that
plaintiff has not objected, the court finds all costs to be
reasonable.  Accordingly, costs of **$6,332.80** will be allowed.

IT IS SO ORDERED.

DATED: March 31, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE